IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. BRITT,<br><br>                     Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                     Respondent. | **8:21CV474**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Petitioner's motion for leave to amend (filing 6) and motion for the appointment of counsel (filing 7).

      On January 18, 2022, Petitioner filed a motion seeking leave to amend his 28 U.S.C. § 2254 habeas petition, which the court construes as a motion filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Filing 6.) Upon consideration, the court will grant Petitioner's motion and he shall have 30 days from the date of this order to file an amended habeas petition as set forth below.

      Also on January 18, 2022, Petitioner filed a motion requesting the appointment of counsel. (Filing 7.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel

if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for leave to amend (filing 6) is granted. Petitioner shall have until **April 4, 2022**, to file and serve an amended habeas petition **that clearly presents all of his claims for relief**. To be clear, Petitioner must set forth his claims from his original Petition (filing 1) and any additional claims in his amended petition. **Petitioner is warned that the amended petition will supersede, not supplement, his original Petition.** Petitioner is encouraged to utilize the enclosed form petition for a writ of habeas corpus under 28 U.S.C. § 2254. Failure to file an amended petition within the time set by the court will result in dismissal of this matter without further notice to Petitioner.

2. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

3. Petitioner's motion for the appointment of counsel (filing 7) is denied without prejudice to reassertion.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **April 4, 2022**: check for amended petition.

Dated this 3rd day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge