IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY J. BRITT,

                Petitioner,

    vs.

SCOTT FRAKES,

                Respondent.

**8:21CV474**

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner's motion for discovery (filing 20) and motion for extension of time (filing 27). In accordance with the court's July 25, 2022 Order (filing 22), Respondent incorporated a response to Petitioner's motion for discovery into his Brief in Support of Answer (filing 26). For the reasons that follow, I will deny Petitioner's request for additional documents and grant Petitioner an extension of time to file his brief in response to Respondent's answer and brief.

## I. MOTION FOR DISCOVERY

In his motion, Petitioner asks the court to order Respondent to provide "all information and records related to the Exhibits [C, ]D, E, F, G, and H," which were filed as part of Petitioner's proposed amended petition (filing 14-1) and which the court incorporated as supplements to Petitioner's operative amended petition (*see* filing 16), and "any original Filing by Officer Engel of the Ashland police department." (Filing 20 at CM/ECF pp. 1–2.)

### A. Background

A brief recitation of the background of this case is helpful. Petitioner was convicted following a jury retrial in the District Court of Douglas County,

Nebraska, of three counts of first degree murder, three counts of use of a deadly weapon to commit a felony, and one count of possession of a deadly weapon by a prohibited person. (Filing 19-2 at CM/ECF p. 6.) The state district court sentenced Petitioner to consecutive terms of life imprisonment for each of his first degree murder convictions; 40 to 45 years' imprisonment for each use of a deadly weapon conviction; and 40 to 45 years' imprisonment for his conviction of possession of a deadly weapon by a prohibited person. (*Id*. at CM/ECF pp. 6–7.) The state district court's judgment following retrial was affirmed on direct appeal, with the claims raised being that the state district court (1) erred when it admitted crime scene and autopsy photographs over Petitioner's objection and (2) violated Petitioner's right of confrontation by allowing the state to proceed at trial without calling Anthony Davis to testify. (*Id*. at CM/ECF p. 7.)

Following his appeal, Petitioner filed a motion for postconviction relief, which alleged that his trial counsel was ineffective for failing to "adequately investigate, depose, and subpoena – call witnesses," namely (1) Anthony Davis and (2) Melanie and Shawn Dvorak. (Filing 19-19 at CM/ECF pp. 2–25.) The state district court entered an order denying Petitioner's motion without an evidentiary hearing. (*Id*. at CM/ECF pp. 32–35.) Petitioner appealed to the Nebraska Supreme Court claiming that his "constitutional right to due process rights was violated due to trial counsel['s] ineffectiveness. . . ." and that trial counsel failed to protect his rights to confrontation and to compulsory process. (Filing 19-13 at CM/ECF pp. 13–14.) All of the alleged violations were based on trial counsel's failure to call Ashland police officers Engel and Ottis, Melanie and Shawn Dvorak, and Anthony Davis to testify at his retrial. (*See id*. at CM/ECF pp. 13–18.) This habeas petition followed.

On June 30, 2022, Respondent filed the Designation of State Court Records in Support of his Answer. (Filing 19.) Respondent attached to the Designation all relevant state court records for this case, which included the state district court records that had been filed in the state appellate courts—the transcripts of filings and the bill of exceptions for Petitioner's pretrial, trial, sentencing, and

postconviction proceedings related to Petitioner's retrial. (*See* Filings 19-16 through 19-36.) Respondent avers that he is unaware of any relevant transcripts for Petitioner's state district court pretrial, trial, and sentencing proceedings other than those filed with the Designation of State Court Records in Support of Answer. (*See* Filing 25, Answer ¶ 9, at CM/ECF pp. 2–3.) Also attached to the Designation were the docket sheets of the state appellate courts for both of Petitioner's direct appeals and postconviction appeal, as well as the briefs filed by Petitioner and the State in those appeals. (*See* Filings 19-4 through 19-15.)

Petitioner filed the present motion on July 13, 2022. (Filing 20.) Petitioner previously sought "all information filed in connection with Exhibits C, D, E, F, G, and H" (filing 15), and this court denied his request as premature since Respondent had not yet filed an answer and brief (filing 16).

## B. Discussion

Though Petitioner captioned his motion as one for "discovery," the court also will liberally construe the motion as one to expand the record.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909 (quotation omitted)).

In contrast, a motion to expand the record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits

the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

"[T]he standard to expand the state-court record is a stringent one." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022). "When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)). Courts have likewise suggested that those conditions must be met when a petitioner seeks discovery pursuant to Rule 6. *See, e.g.*, *Marcyniuk v. Payne*, 39 F.4th 988 (8th Cir. 2022); *Worthington v. Roper*, 2008 WL 2952116 (E.D. Missouri, Eastern Division, July 28, 2008).

Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Here, Petitioner seeks to have Respondent provide him and file with this court complete copies of Exhibits C, D, E, F, G, and H, which consist of partial police reports and affidavits and applications for search warrants, because pages

are missing from his copies. (*See* Filing 15; Filing 20 at CM/ECF p. 1.) Petitioner also seeks all reports filed by Officer Engel of the Ashland Police Department and "all information and records" related to his exhibits. (Filing 20 at CM/ECF p. 2.) Petitioner alleges the information he seeks "will outline clearly there was evidence not presented in Petitioner[']s favor[]" and will allow Petitioner to "argue a complete record before this court in support of Petitioner[']s claims." (*Id.*)

Petitioner's motion seeking to expand the record with documents outside of the state court proceedings fails to address the requirements of 28 U.S.C. § 2254. In his answer and supporting brief, Respondent asserts that Petitioner's habeas claims are either without substantive merit or have been procedurally defaulted. (Filing 25, Answer ¶¶ 13–14, at CM/ECF p. 3; Filing 26 at CM/ECF pp. 14–17.) The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Respondent does not have any of the exhibits or reports Petitioner seeks as they were not part of the state court record.[1] (Filing 26 at CM/ECF p. 19.) Thus, the record cannot be expanded in this case to address Petitioner's claims that were rejected on the merits by the state appellate courts absent the necessary showing under 28 U.S.C. § 2254(e), and Petitioner has made no such showing. Regarding the remaining habeas claims which are alleged to be procedurally defaulted, the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he argue that any of the documents requested are relevant to any showing of cause or prejudice to overcome any default. Accordingly, Petitioner has not established he is entitled to expand the record nor has he demonstrated good cause for discovery of the requested documents, and his motion for discovery and to expand the record is denied.

---

[1] Respondent has, however, filed the trial exhibits he believes could possibly pertain to Petitioner's motion, i.e., the substance of Petitioner's exhibits. (*See* Filing 19 at CM/ECF p. 3 n.3.)

## II. MOTION FOR EXTENSION OF TIME

Petitioner also filed a motion (filing 27) seeking an extension of 30 days from the earlier of the date the court rules on his motion for discovery or from September 3, 2022 in which to respond to Respondent's answer and brief. The court granted Petitioner's previous request for an extension and gave him 30 days after the court rules on his motion for discovery to file his brief in response. (*See* Filing 22.) Accordingly, Petitioner's motion for extension of time (filing 27) is granted. Petitioner shall have until October 3, 2022, to file his brief in response.

IT IS THEREFORE ORDERED that:

1.     Petitioner's motion for discovery and to expand the record (filing 20) is denied.

2.     Petitioner's motion for extension of time (filing 27) is granted. Petitioner shall have until October 3, 2022, to file his brief in response to Respondent's answer and brief.

3.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 3, 2022**: check for Petitioner's brief in response.

Dated this 2nd day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

6